IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAVANTE CARTER | § | |
| | § | 1-23-CV-00528-RP-SH |
| v. | § | 1-21-CR-00045-RP-2 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Lavante Carter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed May 5, 2023 (Dkt. 109); the Government's Sealed Response to Defendant's Motion to Vacate, filed July 17, 2023 (Dkt. 114); Carter's Motion to Amend 2255 Motion Pursuant to Rule 15(c)(1)(B), filed July 14, 2023 (Dkt. 115); and the Government's Sealed Response in Opposition to Defendant's Motions to Vacate and to Amend, filed August 8, 2023 (Dkt. 117). The District Court referred the motions and related filings to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for the Honorable Robert Pitman.

**I.     Background**

On February 23, 2021, Movant Lavante Carter was indicted for interference with commerce by threats or violence by robbery, in violation of 18 U.S.C. §§ 1951 and 2, also known as "Hobbs Act Robbery" (Count One); discharging a firearm in furtherance of crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two); and brandishing a firearm in further of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). Dkt. 1. On October 19, 2021,

Movant pled guilty to Counts One and Three of the Indictment pursuant to a valid and enforceable plea agreement. Dkts. 68-70.

On January 28, 2022, the District Court sentenced Movant to be imprisoned for a term of fifty-one months as to Count One and eighty-four months as to Count Three, to run consecutive, for a total term of 135 months to run concurrently with any anticipated state term of imprisonment, followed by a four-year term of supervised release. Judgment and Commitment, Dkt. 100. The Court also ordered Movant to pay $96,000 in restitution and a $200 special assessment. *Id.*

Movant did not file a direct appeal of his conviction and sentence. On May 5, 2023, Movant filed this Motion to Vacate his sentence under 28 U.S.C. § 2255, arguing that he was "wrongfully convicted" for Hobbs Act Robbery because he "never took a substantial step toward completing the robbery no money or personal property was ever taken." Dkt. 109 at 1-2. While he concedes that his co-defendant "did indeed shoot his victim . . . [h]e fled as soon as the victim was shot." *Id.* at 2. Movant also seeks permission to file an Amended § 2255 Motion to add an ineffective assistance of counsel claim based on this same argument.

The Court does not address the merits of Plaintiff's Motion to Vacate or Motion to Amend because his Motion to Vacate is time-barred.

## II.    Analysis

28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, as in most cases, the statute of limitations period begins to run on "the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting Section 2255(f)(1)). Movant does not assert that any of the other limitations periods apply.

The Court entered Judgment on January 28, 2022. Dkt. 100. Movant did not file a direct appeal. "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Movant's conviction became final on February 11, 2022, fourteen days after entry of judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed . . . ."); *United States v. Duran*, 934 F.3d 407, 410 (5th Cir. 2019) (stating that defendant's conviction became final fourteen days after entry of judgment). The limitations period for seeking Section 2255 relief began on that date, and Movant's Section 2255 Motion was due by February 11, 2023. *United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008). Because Movant did not file his Section 2255 Motion until May 5, 2023, it is untimely under Section 2255(f)(1). *Id.*

The one-year limitations period in Section 2255 is not jurisdictional and may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Movant asserts no grounds for tolling in this case in either his Motion or Motion to Amend. Accordingly, his Section 2255 Motion is time-barred.

### III.     Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Lavante Carter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 109) as time-barred under the one-year statute of limitations in 28 U.S.C. § 2255(f)(1) and **DISMISS** his Motion to Amend his § 2255 Motion (Dkt. 115) as moot.

### IV.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Movant's § 2255 motion on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred

4

in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). This Magistrate Judge recommends that a certificate of appealability not be issued.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 7, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE